TAYLOR W. FOX
TAYLOR W. FOX, P.C.
AZ State Bar No. 019780
1641 E. Osborn Road, Suite 8
Phoenix, AZ  85016
Tel.:  602-443-2220
Email:  taylorfoxlaw@gmail.com

Attorney For Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR- 23-00429-PHX-DWL |
| Plaintiff, | |
| vs. | **DEFENDANT'S MEMORANDUM REGARDING RELEASE** |
| MEHRDAD ARBABZADEH, | |
| Defendant. | (Hon. Michael T. Morrissey) |

COMES NOW the Defendant, by and through undersigned counsel, and respectfully submits this Memorandum for the Court's consideration at his scheduled detention hearing.

Defendant's release is governed by the terms of the Bail Reform Act set forth in 18 U.S.C. §3142.  The goal of the Bail Reform Act is to provide "fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." *United States v. Montalvo–Murillo*, 495 U.S. 711, 720 (1990).  "The Act mandates the release of a person pending trial unless the court 'finds that no condition or

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Hir*, 517 F.3d 1081, 1085–86 (9th Cir. 2008) (citations omitted).   When determining both whether any conditions of release suffice to ensure the defendant's future appearance while also protecting the community, the Court must make an individualized determination by considering (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. §3142(g).

      Arbabzadeh does not fall into the category of persons in which there is a presumption of detention. 18 U.S.C. §3142(f)(1). Instead, the Government argues a "serious risk" that Arbabzadeh will flee. 18 U.S.C. §3142(f)(2).  Detention based on a defendant's danger to the community must be supported by clear and convincing evidence, while detention based on the defendant's flight risk must be supported by a preponderance of the evidence.  18 U.S.C. §3142(f); *United States v. Bell*, 209 F. Supp. 3d. 275, 277 (Dist. D.C. 2016).  "Burden of production" is "some evidence contrary to the presumed fact in order to rebut the presumption. *Rodriguez*, supra, at 88.

      No evidence supports a reason to that Arbabzadeh is a flight risk.  Although he is a Canadian citizen, Arbabzadeh only lived there from toddlerhood to fourth grade.  The entire

family moved from Canada to the United States where Arbabzadeh became a Legal Permanent Resident (LPR).  Since that time, Arbabzadeh has only lived in the United States, attending Arizona State University and graduating from LSU, where he grew up.

      Pretrial Services interviewed and verified Arbabzadeh's ties to Arizona and the United States.   They recommended release.  Arbabzadeh has primarily resided in Arizona for the last three years.  He is part of an investment group that has real property in Arizona, and another that is a distributer for an athletic clothing line based in Sweden.  His roommate and business partner, Steve Sannikov will accept third party release if this court is inclined to impose it as a condition of release.  Arbabzadeh has bank accounts in Arizona, and family in Washington DC.  He works remotely for his father's vascular surgery practice as an administrator.  Arbabzadeh has no prior failures to appear, an insignificant criminal history, and is not accused of a dangerous crime.

      Arbabzadeh agrees to surrender his passport as a condition of release.

      For these reasons, Arbabzadeh asks that this Court release him under the least restrictive combination of conditions necessary under 18 USC 3142.

      RESPECTFULLY SUBMITTED this   3rd   day of April, 2023.

By: s/ Taylor W. Fox

TAYLOR W. FOX
Attorney for Defendant